### Avery W. Blanchard, Appellee, v. Jackson Funeral System Association, Appellant.

### Gen. No. 43,532.

Heard in the second division of this court for the first district at the October term, 1945. Opinion filed December 18, 1945. Released for publication January 2, 1946.

Harris B. Gaines, of Chicago, for appellant.

E. P. Blakemore, of Chicago, for appellee.

Mr. Justice Scanlan delivered the opinion of the court.

An action upon a certificate of insurance issued by a burial society upon the life of Arnold Frank Blanchard in the sum of $225. Plaintiff was the beneficiary named in the certificate. The case was tried by the court, without a jury, and there was a finding and judgment for plaintiff for $225. Defendant appeals from the judgment.

The certificate was issued on July 14, 1941, and attached to it and made a part thereof was an application purporting to have been signed by the insured on July 2, 1941. No medical examination of the insured was made prior to the issuance of the certificate. In the application the following questions and answers appear: ''Question 13: 'Are you in good and vigorous health now?' Answer: 'Yes.' Question 14: 'Have you received medical or surgical attention within the last two (2) years?' Answer: 'No.' Question 15: 'Have you been afflicted with or treated for tuberculosis or heart disease?' Answer: 'No.' '' Following the questions and answers appears the following: ''I hereby represent that the foregoing statements and answers are complete, true and correct, and I understand and agree that this application shall be the basis and form a part of the Certificate hereby applied for and that such Certificate shall not be in force unless and until the same is issued and received during my lifetime.'' On page one of the certificate appears the following: ''This certificate is issued in consideration of the membership application and the payment in advance of application fee of Seventy Cents, which maintains this certificate in force for two weeks following

its date of issue, and the payment of weekly dues of Thirty-Five Cents on Monday of each and every week thereafter during the lifetime of the member. . . . ''

The certified copy of the medical death certificate (signed by H. F. Machlan, M.D., of the Hines hospital) shows that Arnold Frank Blanchard died January 29, 1942; that the immediate cause of death was ''Tuberculosis, pulmonary, chronic, far advanced active, 3, moderate Duration Unknown''; that he also had ''Pneumoconiosis (silicosis) Duration Unknown''; that the disease was related to the occupation of the deceased by ''Breathing dust.'' Dr. Gioner, connected with the Hines hospital, stated that the deceased was treated at the Hines hospital from March, 1941, to September 4, 1941, and from October 19, 1941, to January 29, 1942, the date of his death; that the hospital records show that when he was admitted in March, 1941, his ailments were diagnosed as ''Pneumoconiosis (silicosis) Probable Chr. Pul. Tbc.''; that when he was admitted to the hospital on October 19, 1941, the diagnosis was ''Tuberculosis, Pul. Chr. far advanced. Pneumoconiosis (silicosis).'' The doctor further stated that the cause of death was ''Tuberculosis, pul. chr., far advanced Pneumoconiosis (silicosis).'' Dr. Beverly, called by defendant as an expert witness, testified that pneumoconiosis (silicosis) and tuberculosis, pulmonary, chronic, far advanced, would have to exist at least six to eighteen months before they became chronic and that silicosis usually existed one year before becoming chronic; that the deceased must have known that he was sick on July 2, 1941, the date of the application. Plaintiff offered no evidence to contradict the foregoing testimony produced by defendant.

A number of defenses were interposed by defendant, but in our view of this appeal we need notice only one: Defendant calls attention to the questions and answers in the application, heretofore referred to in this opinion, and contends that the undisputed evidence shows

that the application upon which the certificate was based contained misrepresentations of fact material to the risk to be assumed by defendant in that it did not disclose (1) that the insured had received medical treatment during the two years before the signing of the application for the certificate; (2) that he had been treated in Hines hospital in March, 1941; (3) that he had received medical treatment from Dr. Frederick Frazier in the early part of 1941; (4) that at the time the said application was made the insured was suffering from pulmonary tuberculosis and pneumoconiosis (silicosis).

Defendant cites a number of cases that hold that misrepresentations will avoid a policy of life insurance if they are in fact false and material to the risk, even though made through mistake, or in good faith, but the law is so well settled that it is not necessary to refer to the cases cited. Plaintiff concedes, apparently, that defendant's contention would be sound if the certificate in the instant case were an insurance policy, but he contends that the certificate issued by defendant is not an insurance policy and that the foregoing rule of law applies only to insurance policies and has no application to the certificate issued by defendant; that the instant case is governed by Article XIX of the Insurance Code (ch. 73, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 66.1013 et seq.]), that applies exclusively to Burial Societies; that Article XIX specifically prescribes the provisions that may be incorporated in the certificate of a burial society; that these provisions are mandatory and that no other provisions may be incorporated in such a certificate. Plaintiff argues "that the matter of health condition is not and should not be considered as a part of any provision under such benefit. The holder of a certificate as such when he dies has fulfilled the obligation imposed upon the Burial Society to pay the required amount payable as set forth in the certificate"; that the insured had

paid all premiums required and the defendant must pay the policy regardless of the cause of the insured's death or the state of his health at the time of the application or prior thereto. Counsel for plaintiff convinced the trial court that his interpretation of Article XIX was sound and the court followed that interpretation and entered judgment for plaintiff. There is not the slightest merit in the contention of plaintiff that the certificate in the instant case is not an insurance policy. Par. 614, Sec. 2, of the Insurance Code (ch. 73, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 66.677]) provides: "(n) 'Policy' means an insurance policy or contract and includes certificates of fraternal benefit societies, assessment companies, mutual benefit associations, and *burial societies.*" (Italics ours.) Par. 950, Sec. 338, of Article XIX [Jones Ill. Stats. Ann. 66.1013], provides: "Scope of Article.) (1) This article shall apply to (a) all societies organized or operating, prior to the effective date of this Code, under an Act entitled 'An Act relating to *burial insurance societies,*' approved June 10, 1911." (Italics ours.) Par. 955, Sec. 343 [Jones Ill. Stats. Ann. 66.1018], prescribes the form of the certificate that must be used under Article XIX, and it commences as follows:

"....................Illinois.
"Certificate Number
"................

"...................................
"(*A Burial Insurance Society*)  [Italics ours]
"Incorporated under the Illinois Insurance Code."

The prescribed form also contains the following words: "*This certificate is issued in consideration of the application* and the payment in advance of a first ....... premium . . . " (Italics ours.) It also prescribes six provisions that must be incorporated in the certificate, and these provisions are incorporated in the

instant certificate. While Article XIX clearly contemplates that an application precede the issuance of a certificate it does not prescribe any particular form for the application nor does it prescribe what it should contain. It is the settled law of this State that the parties to an insurance contract may incorporate in it such provisions, not in violation of law, as they choose, and it is the duty of the courts to construe and enforce the contract as made, and the courts have neither the right nor the power to make a new contract for the parties. (*Moscov v. Mutual Life Ins. Co.*, 387 Ill. 378, 383.) The questions in the application, concerning the health of the applicant, are certainly not against the statutory law nor against public policy, and they were material to the risk. A burial society would not long exist if it had no right to inquire into the physical condition of the applicant for a certificate, nor to make the answers of the applicant the basis for the issuance of the certificate.

Defendant admits in its pleadings that it was liable to refund to plaintiff the premiums which had been paid and it alleges that it had theretofore tendered to plaintiff said premiums and that he had refused to accept the same, and it further alleges that it brings into open court and tenders to plaintiff the premiums paid. The amount of the premiums paid is $10.50.

The judgment of the Municipal Court of Chicago is reversed and the cause is remanded with directions to the trial court to enter a judgment for defendant, upon the latter's depositing with the clerk of the court $10.50 for the use of plaintiff.

*Judgment reversed and cause remanded with directions.*

FRIEND, P. J., and SULLIVAN, J., concur.